UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Abdulkerim Guntepe

v.                                                         Civil No. 1:25-cv-531-SE-TSM

FCI Berlin, Warden, et al.


O R D E R


Abdulkerim Guntepe filed a petition for a writ of habeas corpus on December 12, 2025, contesting his detention and requesting, inter alia, a bond hearing. See doc. no. 1. The respondents had previously filed a response to the petition on December 19, 2025. See doc. no. 4. The court thereafter ordered the respondents to show cause on or before January 7, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based on his apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or his similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). See doc. no. 5.

The respondents filed their response to the order to show cause on January 6, 2026, wherein they maintain that Destino and Guerrero Orellana were wrongly decided, reference the legal arguments made on behalf of respondents in certain prior cases, and object to the court granting relief to the petitioner. See doc. no. 6. The response concedes that the petitioner meets the criteria for membership in the Guerrero Orellana class. To the extent that the respondents' filing asks this court to agree that certain issues in this case have been preserved for appeal, the

court declines to do so and leaves those decisions for the appellate court. The court recognizes that the respondents are free to raise those arguments in other future cases.

Regarding whether the reasoning in <u>Destino</u> applies in this case, the respondents argue that the petitioner's continuous presence in the United States for over a year is "significantly less than the period at issue in <u>Destino</u>," and so distinguishable. Doc. no. 6 at 2. The respondents further argue that the petitioner "has failed to plead sufficient facts to establish that his detention is unlawful based on the reasoning set forth in <u>Destino</u>." <u>Id.</u>; <u>see also</u> doc. no. 4. The court recognizes that the allegations in the petition regarding the petitioner's ties to this country are not as specific as they may have been. However, the petition provides sufficient facts. It reflects that the petitioner was apprehended by immigration authorities shortly after entering the country "but was soon released." Doc. no. 1 at 1. Since then, the petitioner has resided at a stable address in Massachusetts. <u>Id.</u> The length and quality of the petitioner's presence in the country was not independently dispositive in <u>Destino</u>. Rather, the court also reasoned that a protectable liberty interest arises once noncitizens have been granted some form of conditional release allowing them to live at liberty in the country. <u>See</u> <u>Destino</u>, 2025 WL 4010424, at *11–12. That is true of the petitioner here.

In <u>Destino</u>, the court also reasoned independently that, under First Circuit precedent, the respondents were "constitutionally compelled to provide a bond hearing at which the government must prove the existence of flight risk or dangerousness in order to justify" the continued detention of a noncitizen arrested while present in the country. <u>Destino</u>, 2025 WL 4010424, at *9; <u>see also</u> <u>Hernandez-Lara v. Lyons,</u> 10 F.4th 19, 41 (1st Cir. 2021). The respondents do not argue that this separate basis is affected by the amount of time that the petitioner has been in the country or what he has accomplished since his arrival.

The respondents have failed to show cause why the court should not order them to afford a bond hearing. Because the court is bound by the class-wide relief issued in <u>Guerrero Orellana</u> and because the reasoning in <u>Destino</u> applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable. If the government fails to comply, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings. The respondents shall file a status report within seven days, on or before January 20, 2026.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

January 13, 2026

cc:    Counsel of record.

3